**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **RAMON LAGOS, MICHELLE SPARROW, and CARLA OBASUYI, Individually and on Behalf of Others Similarly Situated** | § § § § § | **CIVIL ACTION NO. 4:11-CV-04523** |
| **Plaintiffs,** | § § | |
| **v.** | § § | **JURY TRIAL DEMANDED** |
| **COGENT COMMUNICATIONS, INC.,** | § § | **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. 216(b)** |
| **Defendant.** | § | |

---

**MOTION FOR NOTICE TO POTENTIAL PLAINTIFFS
AND FOR CONDITIONAL CERTIFICATION**

---

Todd Slobin
State Bar No. 24002953
Southern District No. 22701
Michelle Hoogendam Cash
State Bar No. 09947150
Southern District No. 15532
Sidd Rao
State Bar No. 24065947
Southern District No. 1095562
SHELLIST, LAZARZ, SLOBIN, LLP
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Telecopier: (713) 621-0993

of Counsel:
SHELLIST, LAZARZ, SLOBIN, LLP

**ATTORNEYS FOR PLAINTIFF**

# Table of Contents

I.  SUMMARY ........................................................................................................................................1

II.  FACTUAL BACKGROUND ..................................................................................................................3

    A. Defendant's Account Managers are Similarly Situated With Respect to Job Duties......................3

        1. Account Managers Have the Same or Substantially Similar Job Duties...............................4

        2. Single Job Descriptions .........................................................................................................4

        3. Unified Training......................................................................................................................5

    B. Plaintiffs and Putative Class Members Have Been Subject to Identical Pay Violation .................5

    C. A Group of Similarly Situated, Potential Plaintiffs Exists. ...........................................................6

III.  Request for § 216(b) Notice to Potential Plaintiffs ..............................................................................6

    A. Collective Actions are Favored Under the Law, and the District Court is Authorized to Issue Notice to the Potential Opt-in Plaintiffs. ........................................................................................7

    B. The Two-Stage Certification Process ............................................................................................8

    C. Plaintiffs are Entitled To Notice Based On a Minimal Showing That They Are Similarly Situated To Other Employees....................................................................................................................9

        1. The Standard for Notice is "Lenient"....................................................................................9

        2. At the Notice Stage, Plaintiff Need Only Make Substantial Allegations Supported by Sworn Statements That Plaintiffs and Potential Plaintiffs Are Similarly Situated to One Another. ..11

        3. Plaintiffs are "Similarly Situated" to Defendant's Other Account Managers if They Perform Similar Job Duties Under Similar Pay Provisions.................................................................12

IV.  Relief Sought: Conditional Certification, Issuance of Notice to Potential Plaintiffs, and Disclosure of Names and Addresses...........................................................................................................................15

V.  Conclusion...........................................................................................................................................17

## CASES

*Aguayo v. Oldenkamp Trucking*, 2005 WL 2436477 (E.D. Cal. Oct 3, 2005) ............................ 14

*Aguilar v. Complete Landsculptures, Inc.*, 2004 WL 2293842, at *2 (N.D. Tex. Oct. 7, 2004). 16

*Alba v. Madden Bolt Corporation*, Civil Action No. H-02-1503 (S.D. Tex. June 5, 2002)......... 14

*Allen v. Marshall Field & Co.*, 93 F.R.D. 438, 442-45 (N.D. Ill. 1982) ...................................... 13

*Ballaris*, 2001 U.S. Dist. LEXIS 13354........................................................................................ 14

*Barnett v. Countrywide Credit Indust., Inc.*, 2002 WL 1023161 (N.D. Tex. May 21, 2002)....... 15

*Barrus v. Dick's Sporting Goods, Inc.*, No. 05–CV–6253, 2006 WL 3373117 (W.D.N.Y. Nov. 3, 2006) ............................................................................................................................................. 13

*Beall v. Tyler Technologies, Inc.*, 2009 WL 3064689, at *1 (E.D. Tex. 2009) ............................ 21

*Belcher v. Shoney's Inc.*, 927 F. Supp. 249, 251 (M.D. Tenn. 1996) ..................................... 14, 15

*Bouaphakeo v. Tyson Foods, Inc.*, 564 F. Supp. 2d 870 (N.D. Iowa 2008) ................................. 12

*Brooks v. Bellsouth Telecom.*, 164 F.R.D. 561, 568 (N.D. Ala. 1995)......................................... 14

*Brown v. Money Tree Mortg. Inc.*, 222 F.R.D. 264, 680 ............................................................... 13

*Camper v. Home Quality Mgmt, Inc.*, 200 F.R.D. 516, 519-21 (D. Md. 2000)............................ 14

*Church v. Consolidated Freightways, Inc.*, 137 F.R.D. 294 (N.D. Cal. 1991)............................. 15

*Clarke v. Convergys Cust. Manag. Group.*, 370 F.Supp.2d 601, 605 (S.D. Tex. 2005) .............. 11

*Crain v. Helmerich and Payne Int'l Drilling Co.*, 1992 WL 91946, at *2 (E.D.La. Apr.16, 1992 ............................................................................................................................................................. 16

*Davis v. Novastar Mortg., Inc.*, 408 F. Supp. 2d 811, 818 (W.D. Mo. 2005................................ 19

*Davis v. Westgate Planet Hollywood Las Vegas, LLC.*, 2009 WL 102735, at * 15 (D. Nev. Jan. 12, 2009) ......................................................................................................................................... 21

*De Asencio v. Tyson Foods, Inc.*, 130 F. Supp. 2d 660, 663 (E.D. Pa. 2001) .............................. 14

*Donohue v. Francis Services, Inc.*, No. 04-170, 2004 WL 1161366 (E.D. La. May 24, 2004) ... 17

*Dybach v. State of Fla. Dept. of Corrections.*; 942 F.2d 1562, 1567-68 (11th Cir. 1991) ............. 16

*Eggelston v. Sawyer Sportsbar, Inc.* 2010 WL 2639897 (S.D. Tex. June 28, 2010) (Miller, J.) ... 9

*Garcia v. Pancho Villa's of Huntington Vill., Inc.*, 678 F. Supp. 2d 89, 96 (E.D.N.Y. 2010)...... 22

*Garner v. G.D. Searle*, 802 F. Supp. 418, 422 (M.D. Ala. 1991).......................................... 11, 15

*Geer v. Challenge Fin. Investors Corp.*, 2005 WL 2648054 at *2-4 (D. Kan. Oct. 17, 2005) .... 19

*Gibson v. NCRC, Inc.*, 2011 WL 2837506 (S.D. Tex. Jul. 19, 2011) (Rosenthal, J.).................... 9

*Grayson v. K Mart Corp.*, 79 F.3d 1086, 1097 (11th Cir. 1996)........................................... 14, 16

*Guzman v. Varco Int'l, Inc.*, 2002 WL 32639237 *2 (S.D. Tex. May 30, 2002) (Gilmore, J.) ...... 2

*Heagney v. European Am. Bank*, 122 F.R.D. 125 (E.D.N.Y.1988)............................................... 16

*Hoffmann-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989)................................................... 7

*Kane v. Gage Merchandising Servs., Inc.* 138 F. Supp. 2d 212, 215 (D. Mass. 2001) ............... 18

*LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 289 (5th Cir. 1975) ......................................... 8

*Lee v. ABC Carpet & Home*, – F.R.D. –, 2006 WL 1408837, *3-4 (S.D.N.Y. May 22, 2006) .. 18

*Longcrier v. HL–A Co.*, 595 F. Supp. 2d 1218 (M.D. Ala. 2008) ................................................ 12

*Loreas v. C&S Ranch*, Civil Action No. L-97-30 (S.D. Tex. May 16, 1997) .............................. 14

*Lynch v. United Svcs. Auto. Ass'n*, 491 F. Supp. 357 (S.D.N.Y. 2007)....................................... 12

*Malloy v. Richard Fleischman & Assocs. Inc.*, 2009 WL 1585979, at *4 (S.D.N.Y. June 3, 2009) ............................................................................................................................................................. 21

*Marchan v. Taqmex, Inc.*, Civil Action No. H-02-4167 (S.D. Tex. December 17, 2002)............ 14

*Masson v. Ecolab, Inc.*, 2005 WL 2000133 (S.D.N.Y. 2005)....................................................... 17

*McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794 (S.D. Tex. 2010) (Rosenthal, J.).................. 9

*Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995) .............................. 10, 11, 13

*Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1264 (11th Cir. 2008).............................. 18

*Patton v. Thompson Corp.*, 364 F. Supp. 2d 263 (E.D.N.Y. 2005) ............................................. 18

*Reab v. Electronic Arts, Inc.*, 214 F.R.D. 623, 628 (D. Colo. 2002) ............................................. 8

*Realite v. Ark Restaurants Corp.*, 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998) ................................. 15

*Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 915 n.2 (5th Cir. 2008).................................... 9

*Schwartz v. MCI Telecommunications Corp.*, Civil Action No. H-98-1574 (S.D. Tex. February 18, 1999) ......................................................................................................................... 14

*Shushan v. Univ. of Colorado*, 132 F.R.D. 263, 265 (D. Colo. 1990)........................................... 9

*Sperling*, 118 F.R.D. at 407 ................................................................................................... passim

*Thiessen v. General Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001) ........................... 8

*Tucker v. Labor Leasing, Inc.*, 872 F. Supp. 941, 947 (M.D. Fla. 1994) ...................................... 16

*Villatoro v. Kim Son Rest., L.P.*, 286 F. Supp. 2d 807 (S.D. Tex. 2003) (Atlas, J.) ...................... 10

*White v. MPW Industrial Services, Inc.*, 236 F.R.D. 363, 375 (E.D. Tenn. 2006) ....................... 17

*Whitehorn v Wolfgang's Steakhouse, Inc.*, 2011 WL 420528, at *2 (S.D.N.Y. Feb. 8, 2011)..... 21

*Williams v. Sprint/United Mgmt Co.*, 222 F.R.D. 483, 487 ......................................................... 13

*Young v. Cooper Cameron Corp.*, 229 F.R.D. 50 (S.D.N.Y. 2005) .............................................. 13

*Zhao v. Benihana*, 2001 U.S. Dist. LEXIS 10678 at *12-*13 (S.D. N.Y. 2001) .......................... 14

## STATUTES

29 U.S.C. § 201 *et seq*......................................................................................................................... 1

29 U.S.C. § 216(b) ..................................................................................................................... 2, 8, 13

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **RAMON LAGOS, MICHELLE** | § | **CIVIL ACTION NO. 4:11-CV-04523** |
| **SPARROW, and CARLA OBASUYI,** | § | |
| **Individually and on Behalf of Others** | § | |
| **Similarly Situated** | § | |
| | § | |
| **Plaintiffs,** | § | |
| **v.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **COGENT COMMUNICATIONS, INC.,** | § | **COLLECTIVE ACTION** |
| | § | **PURSUANT TO 29 U.S.C. 216(b)** |
| **Defendant.** | § | |

**MOTION FOR NOTICE TO POTENTIAL PLAINTIFFS
AND FOR CONDITIONAL CERTIFICATION**

Plaintiffs Raymon Lagos, Michelle Sparrow, and Carla Obasuyi ("Plaintiffs") individually and on behalf of other similarly-situated current and former Regional Account Managers and Global Account Managers ("Account Managers") employed by Cogent Communications, Inc. ("Defendant" or "Cogent") file this Motion for Notice to Potential Plaintiffs and for Conditional Certification as follows:

## I.    SUMMARY

Plaintiffs have brought this collective action to recover unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. Cogent employed Plaintiffs in its Houston branch as Account Managers responsible for selling Defendant's internet data services. Cogent uniformly misclassified its Account Managers in Houston and other locations as exempt from the FLSA's overtime provisions and failed to pay them overtime wages for overtime work. Instead, Cogent paid them on a salary plus commission basis, with potential bonuses. Plaintiffs contend that Cogent's Account Managers are entitled to unpaid overtime compensation that Cogent improperly failed to pay them in violation of the FLSA. Plaintiffs and

the putative class members have performed the same, or substantially similar, job duties as one another and have been subject to the same pay violation. As such, Plaintiffs ask this Court to permit the issuance of a Court-approved notice and to conditionally certify this matter as a collective action under the FLSA.

As this Court is aware, the threshold is low for conditional certification under FLSA § 216 (b). *Guzman v. Varco Int'l, Inc.*, 2002 WL 32639237 *2 (S.D. Tex. May 30, 2002) (Gilmore, J.). At the first stage of the certification process, the Court applies a "lenient" standard, which requires nothing more than a modest factual showing that the putative class members are similarly situated with respect to job duties and pay provisions. *Id.* Plaintiffs offer supporting documentation that exceeds the low evidentiary burden required at this stage of litigation. This support includes deposition testimony from Cogent Corporate Representative Jeff Karnes (Cogent's Chief Revenue Officer and Vice President of Global Sales) and Plaintiffs, as well as Declarations from non-Plaintiff Account Manager class members in Florida and California.[1]

The deposition testimony of Cogent's corporate representative shows that it is undisputed that the Plaintiffs and putative Plaintiffs are similarly situated. Notably, Cogent's sole job description for all Account Managers and its Compensation Plan demonstrate that Account Managers are similarly situated with respect to job duties and pay provisions. Accordingly, this Court should conditionally certify this matter and order that Notice be sent to potential FLSA opt-in Plaintiffs.

---

[1] The Court allowed the parties to conduct limited discovery in this pre-Notice phase. Over a two-day period, Plaintiffs deposed Mr. Karnes pursuant to Rule 30 (b)(6), and Cogent deposed the three Plaintiffs. Excerpts from those deposition transcripts are included in the attached Appendix and referred to as follows: "Witness Dep. at ___." The parties also engaged in a limited exchange of documents. Also attached are declarations, cited as: "Witness Dec. ¶ ___." Deposition excerpts from the Cogent Representative's deposition are attached as Exhibit D. Lagos' Deposition Excerpts are attached as Exhibit E. Exhibit F contains Sparrow's deposition excerpts, and Obasuyi's deposition excerpts are attached as Exhibit G. The declarations are attached as Exhibits K and L.

Defendants likely will argue that conditional certification is not appropriate because Plaintiffs are exempt employees. However, the merits of the case are premature at this conditional certification phase of the case. Instead, the sole issue before the Court at this point is whether the Plaintiffs are similarly situated to the putative class members. Cogent will be permitted to argue the merits should it move to decertify the conditional class later in the litigation.

Plaintiffs readily meet the lenient burden applicable at this stage. *Guzman*, 2002 WL 3263923 at *2. Therefore, conditional certification and Notice to the putative class members is appropriate, and Plaintiffs' Motion should be granted.

## II.     FACTUAL BACKGROUND

## A.     Defendant's Account Managers are Similarly Situated With Respect to Job Duties.

Cogent employs approximately 235 Account Managers in its North American sales force. Cogent Dep. at 25-26. Plaintiffs worked as Account Managers in Cogent's Houston office from 2009 through 2011. *See, e.g.*, Lagos Dep. at 6-7; Sparrow Dep. at 7; Obasuyi Dep. at 9, 11. Plaintiffs worked alongside and trained with Account Managers in Houston and other offices, which allowed them to observe and talk to other Account Managers about their job duties. Lagos Dep. 31-33; Sparrow Dep. at 31-33, 67. As such, Plaintiffs have firsthand knowledge that they and other putative Plaintiffs performed the same or similar job duties.

Although Cogent's Compensation Plan, described more fully below, define the types of data packages, customers, or territories for a particular level of Account Managers, they all were selling "the same product." Sparrow Dep. at 19, 94; Lagos Dep. at 44-47. In fact, as Cogent's representative testified:

[T]he job description has not changed probably since my time here, other than some product nuances have changed a little bit. We've added, we've changed

**Motion for Notice – Page 3**

quotas, but that doesn't change the description of how you do the job.  We've
changed territories.  That doesn't really change the description of the job, either...
<u>Every office has the same [job] description.</u>

Cogent Dep. at 32-33 (emphasis added).

### 1.    Account Managers Have the Same or Substantially Similar Job Duties.

The job duties of Account Managers were similar regardless of the location where they
worked.  Sparrow Dep. at 94; Lagos Dep. at 7; Kamath Dec. ¶ 4-6, 9; Ramos Dec. ¶ 4-6, 9; *see*
*also* Cogent Dep. at 26 ("consistent" sales requirements in all Cogent markets).   Their primary
responsibility was to sell Cogent's data services products to Defendant's customers.   Sparrow
Dep. at 19; Lagos Dep. at 75; Kamath Dec. ¶ 4 and 7; Ramos Dec. ¶ 4 and 7.   To accomplish
this, their primary duties consisted of communicating with property owners, managers and
tenants over the phone and/or via electronic mail from Cogent's office locations. *See, e.g.*, Lagos
Dep. at 68-70; Obasuyi Dep., at 29-31, 58; Sparrow Dep. at 31-33, 67 (noting that in Houston,
"we were all in the office making calls and sending emails").   Their goal was to sell Cogent's
data products.  Sparrow Dep. at 19; Lagos Dep. at 94-95 (all the Account Managers "performed
the same duties").   Plaintiff Obasuyi spoke with Account Managers in several different offices
(Dallas, Miami, Washington D.C.) about their job duties, and she testified that, "we did the same
thing."  Obasuyi Dep. at 52.

### 2.    Single Job Descriptions.

Cogent uses the same job description for all of its Account Managers.  Cogent Dep. at 29-
30 (same job description for Global Account Manager and Regional Account Manager).   This
job description, which is used for recruiting, is identical regardless of where the position is

located. *Id.* at 32-33, 151-53, and Dep. Ex. 8. This job description describes the uniform nature of the job duties applicable to those in the Account Manager position. *Id.*

### 3.    Unified Training.

Cogent trained Plaintiffs and the putative class to perform the same tasks in the same manner. Cogent Dep. at 41-43 ("Every [Account Manager] goes through the same training). Consistency is very important to Cogent. *Id.* at 41-43, 55. All Account Managers attended Cogent's "Headquarters Training" for Account Managers in Washington, D.C. Cogent Dep. at 44-45; Lagos Dep. at 16-17 (all Account Managers had "exactly the same training"). In addition, Plaintiffs and the putative class members spent time in other offices to receive "field training" or "shadow training." Cogent Dep. at 45-47. For example, Plaintiff Sparrow spent three days for field training in the Dallas office, where she observed other Account Managers at work. Sparrow Dep. at 9, 24, 69, 83. Similarly, Plaintiff Lagos spent time in Cogent's Chicago office, where he personally observed other Account Managers. Lagos Dep. at 19-20, 94-95; *see also* Obasuyi Dep. at 12-13, 68-69 (field training in Chicago consisted of watching what other Account Managers did from day to day).

### B.    Plaintiffs and Putative Class Members Have Been Subject to Identical Pay Violation.

All of Cogent's Account Managers in every Cogent office in North America, including Plaintiffs, have been paid pursuant to a uniform compensation plan, entitled the Cogent Communications Sales Compensation Plan. Cogent Dep. at 162-64, 170-75, Dep. Exhibits 10, 11. Although the Compensation Plan is updated every year, its essential operating terms have not changed significantly from year to year. *Id.* at 170-75.

The Compensation Plan provides for a base salary plus commissions (and possible bonuses), based on sales performance. Cogent Dep. at 152. The Compensation Plan does not

provide for any additional pay for hours worked in excess of forty (40) per week. *See* Dep. Exhibits 10 and 11; Cogent Dep. at 162, 171-72. This is because Cogent misclassified Plaintiffs and the putative class members equally as exempt from the FLSA's overtime requirements. Cogent Dep. at 197.

Cogent did not pay any overtime compensation to Account Managers. Cogent Dep. at 197. Cogent followed this illegal pay policy of not paying for overtime worked even though Plaintiffs and the putative class routinely worked well over forty hours per workweek. *See, e.g.,* Lagos Dep. at 23-24, 38-41, 78-81; Sparrow Dep. at 60, 62; Obasuyi Dep. at 46, 50-51; Kamath Dec. at ¶ 3, 6, 7, 8; Ramos Dec. at ¶ 3, 6, 7, 8.

## C.     A Group of Similarly Situated, Potential Plaintiffs Exists.

Defendant employed Account Managers similar to Plaintiffs in its other branch offices across the country. Sparrow Dep. at 94; Lagos Dep. at 94-95; Obasuyi Dep. at 52; Kamath Dec. ¶ 9; Ramos Dec. at ¶ 9. The putative class members performed the same duties, routinely worked more than 40 hours a week, and were paid under the same Sales Plan as one another. Kamath Dec. ¶ 2-9; Ramos Dec. at ¶ 2-9; *see also* Cogent Dep. at 32-33, 152. Like Plaintiffs, all putative class members were misclassified as exempt and were not paid overtime. Cogent Dep. at 197; Kamath Dec. ¶ 7; Ramos Dec. at ¶ 7.

This practice is true regardless of the location of the branch office. Defendant's failure to pay overtime to Account Managers is a uniform, company-wide practice. Cogent Dep. at 197; See also Kamath Dec. ¶ 7; Ramos Dec. at ¶ 7; Obasuyi Dep. at 26. Therefore, the Plaintiffs and putative class members should be allowed to proceed collectively in this action.

### III.     REQUEST FOR § 216(B) NOTICE TO POTENTIAL PLAINTIFFS

Plaintiffs seek conditional certification and Court-supervised Notice to all current and former Account Managers who worked for Cogent in its U.S.-based offices from December 21, 2008 to the present. As previously discussed, Plaintiffs have met the lenient standards for notice to be issued to Potential Plaintiffs.

**A.      Collective Actions are Favored Under the Law, and the District Court is Authorized to Issue Notice to the Potential Opt-in Plaintiffs.**

An employee alleging violations of the FLSA may bring an action on behalf of all "other similarly situated employees." 29 U.S.C. § 216(b). Thus, "Congress has stated its policy that [FLSA] plaintiffs should have the opportunity to proceed collectively." *Hoffmann-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989). Such collective actions are favored because they benefit the judicial system by enabling the "efficient resolution in one proceeding of common issues of law and fact," and provide plaintiffs with the opportunity to "lower individual costs to vindicate rights by the pooling of resources." *Hoffmann-La Roche*, 493 U.S. at 170.

Unlike a Rule 23 representative action, plaintiffs in an action under the FLSA must affirmatively join, or opt in, to be covered by the suit. 29 U.S.C. § 216(b); *Thiessen v. General Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001). Because the substantial benefits of FLSA collective actions "depend on employees receiving accurate and timely notice concerning the pendency of the collective action," the FLSA grants the Court authority to manage the process of joining such employees in the action, including the power to authorize notice and monitor preparation and distribution of the notice. *Hoffmann-La Roche*, 493 U.S. at 169-73 ("The broad remedial goal of the statute should be enforced to the full extent of its terms."). "Court authorization of notice serves the legitimate goal of avoiding a multiplicity of duplicative suits and setting cutoff date to expedite disposition of the action." *Id.* at 172; *Reab v. Electronic Arts, Inc.*, 214 F.R.D. 623, 628 (D. Colo. 2002) (conditional certification for notice purposes was

appropriate where plaintiffs had made "substantial allegations" and conditional certification would allow "significant economies" to be achieved). The Court is empowered and encouraged to issue notice to Potential Plaintiffs and should do so in this case.

**B.    The Two-Stage Certification Process.**

District Courts considering requests to issue notice to potential plaintiffs use a two-stage approach (sometimes called the *Lusardi* approach) to the certification issue.[2]  The two-step approach is the typical manner in which collective actions proceed. *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 915 n.2 (5th Cir. 2008). This Court, as well as other courts in the Southern District of Texas, have recognized and applied the two-stage approach to FLSA collective actions. *Guzman v. Varco Int'l, Inc.*, 2002 WL 32639237 at *2 (Gilmore, J.); *see also Gibson v. NCRC, Inc.*, 2011 WL 2837506 (S.D. Tex. Jul. 19, 2011) (Rosenthal, J.); *Eggelston v. Sawyer Sportsbar, Inc.* 2010 WL 2639897 (S.D. Tex. June 28, 2010) (Miller, J.); *see also McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794 (S.D. Tex. 2010) (Rosenthal, J.); *Clarke v. Convergys Cust. Mgmt. Group, Inc.*, 370 F. Supp. 2d 601 (S.D. Tex. 2005) (Harmon, J.); *Villatoro v. Kim Son Rest., L.P.*, 286 F. Supp. 2d 807 (S.D. Tex. 2003) (Atlas, J.).

In *Guzman*, the Court permitted court-approved notice to a group of well oil services technicians and described the two stage process as follows:

> The first determination is made at the notice stage. The district court decides, "usually based only on the pleadings and any affidavits which have been

---

[2] The Fifth Circuit ruled long ago that Rule 23 cases and Section 216(b) actions are "mutually exclusive and irreconcilable." *LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 289 (5th Cir. 1975). Seventeen years ago, the Fifth Circuit mentioned the existence (at that time) of two different approaches used by other courts to the certification issue – the two stage *Lusardi* approach and the Rule 23 *Shushan* approach. *Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995). In the intervening time, the Rule 23 *Shushan* approach mentioned in *Mooney* and used by one Colorado district court in *Shushan v. Univ. of Colorado*, 132 F.R.D. 263, 265 (D. Colo. 1990), has been disavowed and abandoned and is not the proper certification methodology to use in FLSA collective actions. *Thiessen v. General Elec. Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001). The two-stage approach is "the prevailing test" in the federal courts. *Barnett v. Countrywide Credit Indus., Inc.*, 2002 WL 1023161, at *1 (N.D. Tex. May 21, 2002).

submitted," whether notice should be given to potential plaintiffs. [*Mooney, 54 F. 3d*] at 1214. This decision "is made using a fairly lenient standard" and typically results in conditional certification. *Id.* Although § 216(b) does not specifically provide for a notice procedure to potential class members, the Supreme Court has haled that the district courts have discretion to facilitate notice under the statute. *See Hoffman-LaRoche v. Sperling,* 493 U.S. 165, 169, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989).

*Guzman v. Varco Int'l, Inc.*, 2002 WL 32639237 at * 2.

Under the two-stage approach, once the Court makes the preliminary determination that the potential plaintiffs are similarly situated, the case proceeds as a collective action throughout discovery. *Mooney v. Aramco Services Co.*, 54 F.3d at 1214. Discovery is relevant thereafter, both as to the merits of the case and for the second step in the collective action procedure, where the court evaluates the evidence developed in discovery to test the validity of the preliminary decision made at the notice stage. *Id.* Allowing early notice and full participation by the opt-ins, "assures that the full 'similarly situated' decision is informed, efficiently reached, and conclusive." *Sperling v. Hoffmann-LaRoche Inc.*, 118 F.R.D. 392, 406 (D. N.J.), *aff'd*, 862 F.2d 439 (3d Cir. 1988), *aff'd*, 493 U.S. 165 (1989). Once the notice and opt-in period is complete, the Court will have the benefit of knowing the actual makeup of the collective action. *Clarke v. Convergys Cust. Mgmt. Group.*, 370 F. Supp. 2d at 605 (notice informs the original parties and the court of the number and identity of persons desiring to participate in the suit). Thus, early notice will help the court to manage the case because it can "ascertain the contours of the action at the outset." *Hoffman-La Roche*, 493 U.S. at 172-73.

## C.   Plaintiffs are Entitled To Notice Based On a Minimal Showing That They Are Similarly Situated To Other Employees.

### 1.   The Standard for Notice is "Lenient."

Because the first step takes place prior to the completion of discovery, the standard for notice "is a lenient one." *Mooney*, 54 F.3d at 1214. Courts in this District have routinely

recognized and applied this lenient standard in certifying collective actions and issuing notice to potential plaintiffs. *See Guzman*, 2002 WL 32639237 at \*2; *McKnight*, 756 F. Supp. 2d at 801; *Tolentino*, 716 F. Supp. 2d at 647; *Clarke v. Convergys Customer Management Group, Inc.*, 370 F. Supp. 2d at 606; *Gibson*, 2011 WL 2837506 at \*3. To impose a strict standard of proof at the notice stage would unnecessarily hinder the development of collective actions and would undermine the "broad remedial goals" of the FLSA. *Garner v. G.D. Searle*, 802 F. Supp. 418, 422 (M.D. Ala. 1991); *Sperling*, 118 F.R.D. at 407 ("[N]otice to absent class members need not await a conclusive finding of 'similar situations.'").

"Neither stage of certification is an opportunity for the court to assess the merits of the claim by deciding factual disputes or making credibility determinations." *McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 802 (S.D. Tex. 2010) (citing *Bouaphakeo v. Tyson Foods, Inc.*, 564 F. Supp. 2d 870, 893 (N.D. Iowa 2008) ("[W]hether at the first or second step in the § 216(b) collective action certification process, plaintiffs need not prove the merits of their claim. That is, plaintiffs do not have to show that the employer actually violated the FLSA."); *Longcrier v. HL–A Co.*, 595 F. Supp. 2d 1218, 1240–41 (M.D. Ala. 2008) ("To the extent that Defendant would now argue the merits of the case, such debates are premature and inappropriate."); *Lynch v. United Svcs. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007) ("At this procedural stage, the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations."); *Barrus v. Dick's Sporting Goods, Inc.*, No. 05–CV–6253, 2006 WL 3373117, at \*4 (W.D.N.Y. Nov. 3, 2006); *Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 54 (S.D.N.Y. 2005) ("The focus . . . is not on whether there has been an actual violation of law but rather on whether the proposed plaintiffs are similarly situated ... with respect to their allegations that the law has been violated.").

Only at the second stage, at the close of discovery, may the defendant seek to "decertify" the collective action, at which point the Court may make a "factual determination" as to whether the class members are similarly situated. *Mooney*, 54 F.3d at 1214. The lenient standard applicable at the first stage "typically results in 'conditional certification' of a representative class," to whom notice is sent and who receive an opportunity to "opt in." *Id.*

## 2. At the Notice Stage, Plaintiff Need Only Make Substantial Allegations Supported by Sworn Statements That Plaintiffs and Potential Plaintiffs Are Similarly Situated to One Another.

At the first stage of the two-stage certification approach, courts determine whether plaintiffs and potential opt-ins are "similarly situated" based upon the allegations in a complaint supported by sworn statements.[3] *Mooney*, 54 F.3d at 1213-14; *see also Grayson v. K-Mart Corp.*, 79 F.3d 1086, 1097 (11th Cir. 1996), *cert. denied*, 117 S. Ct. 435 (1996); *Brooks v. Bellsouth Telecom.*, 164 F.R.D. 561, 568 (N.D. Ala. 1995); *Sperling*, 118 F.R.D. at 406-07. The record need only be sufficiently developed to allow court-facilitated notice based upon substantial allegations or some factual support. *Belcher v. Shoney's Inc.*, 927 F. Supp. 249, 251 (M.D. Tenn. 1996).[4]

Here, Plaintiffs' Amended Complaint alleges that Defendant failed to comply with the FLSA by misclassifying Plaintiffs and the other Account Managers as exempt and failing to pay

---

[3] *See, e.g., Brown v. Money Tree Mortg. Inc.*, 222 F.R.D. 264, 680 (D. Kan. 2004) (two affidavits); *Williams v. Sprint/United Mgmt Co.*, 222 F.R.D. 483, 487 (D. Kan. 2004) (allegations in complaint were "more than sufficient to support provisional certification"); *Reab*, 214 F.R.D. at 628 (allegations in complaint); *Allen v. Marshall Field & Co.*, 93 F.R.D. 438, 442-45 (N.D. Ill. 1982) (allegations in complaint sufficient); *De Asencio v. Tyson Foods, Inc.*, 130 F. Supp. 2d 660, 663 (E.D. Pa. 2001) (four affidavits); *Camper v. Home Quality Mgmt, Inc.*, 200 F.R.D. 516, 519-21 (D. Md. 2000) (sworn testimony from two deponents and two declarations); *Zhao v. Benihana*, 2001 U.S. Dist. LEXIS 10678 at *12-*13 (S.D. N.Y. 2001) (one affidavit based on plaintiff's "best knowledge"); *Aguayo v. Oldenkamp Trucking*, No. F 04-6279 ASI LJO, 2005 WL 2436477 (E.D. Cal. Oct 3, 2005) (allegations in complaint and declaration of the plaintiff demonstrate plaintiff and other class members are similarly situated); *Alba v. Madden Bolt Corporation*, 2002 WL 32639827 (S.D. Tex. June 5, 2002)(J. Hoyt) (one affidavit sufficient); *Schwartz v. MCI Telecom. Corp.*, No. H-98-1574 (S.D. Tex. Feb. 18, 1999) (Werlein, J.) (one affidavit sufficient) (attached).

[4] *See also Garner*, 802 F. Supp. at 422; *Sperling*, 118 F.R.D. at 407; *Church v. Consolidated Freightways, Inc.*, 137 F.R.D. 294 (N.D. Cal. 1991).

them overtime for the hours they worked in excess of 40 per week. Complaint, ¶ 14-17. The allegations in the Complaint have been substantiated by Cogent's deposition testimony, declarations from putative class members, and deposition testimony from the Plaintiffs. All of the testimony supports the conclusion that Plaintiffs and the putative Plaintiffs performed the same or similar job duties and worked under the same pay provisions as other Account Managers who have not yet been notified about the case. *Supra,* at Sec. II.A-II.B; Kamath Dec. at ¶ 2-9; Ramos Dec. at ¶ 2-9. Plaintiffs have submitted more evidence in support of this Motion than required in many of the other cited cases in this Motion, and therefore, have made the "modest factual showing" necessary for the Court to issue notice. *Realite v. Ark Restaurants Corp.*, 7 F. Supp. 2d 303, 306 (S.D.N.Y. 1998).

### 3.        Plaintiffs are "Similarly Situated" to Defendant's Other Account Managers if They Perform Similar Job Duties Under Similar Pay Provisions.

"To establish that employees are similarly situated, a plaintiff must show that they are similarly situated with respect to their job requirements and with regard to their pay provisions. The positions need not be identical, but similar." *Barnett v. Countrywide Credit Indust., Inc.*, 2002 WL 1023161 (N.D. Tex. May 21, 2002), 2002 WL 1023161, at *1 (internal quotation marks and brackets omitted) (quoting *Tucker v. Labor Leasing, Inc.,* 872 F. Supp. 941, 947 (M.D. Fla. 1994)); *see also Dybach v. State of Fla. Dept. of Corrections.* 942 F.2d 1562, 1567-68 (11th Cir. 1991). "[A]n FLSA class determination is appropriate when there is 'a demonstrated similarity among the individual situations ... some factual nexus which binds the named plaintiffs and the potential class members together as victims of a particular alleged [policy or practice].'" *Aguilar v. Complete Landsculptures, Inc.,*  2004 WL 2293842, at *2 (N.D. Tex. Oct. 7, 2004) (citing *Crain v. Helmerich & Payne Int'l Drilling Co.,* No. 92-0043, 1992 WL 91946, at *2 (E.D. La. Apr. 16, 1992) (quoting *Heagney v. European Am. Bank,* 122 F.R.D. 125 (E.D.N.Y. 1988))).

The "similarly situated" requirement of § 216(b) is more elastic and less stringent than the requirements found in Rule 20 (joinder), Rule 42 (severance), or in Rule 23 (class actions). *Grayson,* 79 F.3d at 1096. While evidence of a single decision, policy, or plan will meet the similarly situated standard, *Sperling,* 118 F.R.D. at 407, a unified policy, plan, or scheme is not required to satisfy the more liberal "similarly situated" requirement of the FLSA. *Grayson,* 79 F.3d at 1096. Accordingly, "[a] court may deny a plaintiff's right to proceed collectively <u>only if</u> the action arises from circumstances <u>purely personal</u> to the plaintiff, and not from any generally applicable rule, policy, or practice." *Donohue v. Francis Services, Inc.*, No. 04-170, 2004 WL 1161366 (E.D. La. May 24, 2004) (emphasis added, citations omitted).

Where plaintiffs "adequately allege" that the improper practices and "policies are company-wide, . . . notice may be sent company-wide." *White v. MPW Industrial Services, Inc.*, 236 F.R.D. 363, 375 (E.D. Tenn. 2006) (rejecting defendant's argument that notice should be sent only to present and former employees at only three branch locations because Plaintiff's proof related only to those particular branches); *see also Masson v. Ecolab, Inc.*, No. 04 Civ. 4488 (MBM), 2005 WL 2000133 (S.D.N.Y. Aug. 17, 2005) (granting companywide notice to preventive maintenance and repair services workers); *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 197-98 (S.D.N.Y. 2006) (granting company-wide notice).

Further, courts also consider an across-the-board decision to treat a discrete category of employees as exempt to be sufficient to warrant conditional certification and notice to all those in the same job category. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1264 (11th Cir. 2008) ("There is nothing unfair about litigating a single corporate decision [to classify employees as exempt] in a single collective action..."); *Kane v. Gage Merchandising Servs., Inc.* 138 F. Supp. 2d 212, 215 (D. Mass. 2001) (where defendant treats a discrete class as exempt,

notice is warranted); *Lynch v. United Services Automobile Association*, 491 F. Supp. 2d 357, 370 (S.D.N.Y. 2007) ("Courts typically authorize ...notice upon a simple showing that other employees may also have been subjected to the employers' practice of "misclassifying."); *Patton v. Thompson Corp.*, 364 F. Supp. 2d 263 (E.D.N.Y. 2005) (notice granted because plaintiff was classified as exempt and all other employees with the same job title were also classified as exempt). These cases are consistent with the holding by the Supreme Court that notice may be authorized under § 216(b) of FLSA because "[t]he judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity." *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. at 170.

Misclassification cases like this one, where the employer wrongly designates an entire group of employees as exempt from the FLSA, are the quintessential collective action cases. *See*, e.g. *Davis v. Novastar Mortg., Inc.*, 408 F. Supp. 2d 811, 818 (W.D. Mo. 2005), (finding that plaintiffs met their burden for companywide conditional certification by showing that defendants had a policy of classifying all Plaintiffs as exempt, and not paying them overtime); *Geer v. Challenge Fin. Investors Corp.*, 2005 WL 2648054 at *2-4 (D. Kan. Oct. 17, 2005) (granting company-wide notice to loan officers who were victims of the same compensation scheme). *See also* cases cited in Sec. III.B, *supra*.

Here, Plaintiffs have met the lenient standard of showing that notice to putative Plaintiffs is appropriate. The evidence detailed in the Factual Background section of this Motion (and not repeated here at length) shows that Plaintiffs and the putative Plaintiffs are victims of the same scheme to deprive them of overtime compensation. (Factual Background, *supra*). The deposition testimony and the declarations provided with this Motion, which describe the uniform

job responsibilities and consistent illegal pay practices are sufficient to meet the requirement for a "modest factual showing."

This testimony demonstrates that Plaintiffs and Potential Plaintiffs provided the same or similar services to Defendant's clients and performed the same or similar job duties. *Supra*, at Sec. II.A-II.C. The Account Managers were paid under uniform compensation plans, copies of which accompany the attached deposition testimony. See Dep. Ex. 10, 11. Cogent failed to pay the Account Managers overtime compensation (and still fails to do so) even though the Account Managers routinely worked in excess of 40 hours per week. *Supra*, at Sec. II.B-II.C. Consequently, the Court should permit Plaintiffs to send a Court-supervised notice to Potential Plaintiffs because they are similarly situated.

## IV.    RELIEF SOUGHT:  CONDITIONAL CERTIFICATION, ISSUANCE OF NOTICE TO POTENTIAL PLAINTIFFS, AND DISCLOSURE OF NAMES AND ADDRESSES.

To facilitate the Notice process and preserve the rights of those who have not yet opted in, Plaintiffs seek Court-supervised notice and conditional certification of the following group of Potential Plaintiffs: all current and former employees employed by Cogent Communications, Inc. as Global Account Managers and Regional Account Managers from December 21, 2008 to the present, paid a salary plus commission with no overtime compensation, and classified as exempt employees and thus denied overtime pay for hours worked in excess of 40 hours in a work week.

Plaintiffs ask the Court to approve the proposed Notice filed as exhibit A to this Motion. This Notice is based on Notices approved and issued in this District, though modified for this particular case. Plaintiffs also have submitted a proposed Consent Form, attached as Exhibit B, to be submitted to the Court for those wishing to join this action. Plaintiffs seek a sixty (60) day opt-in period, measured from the date notice is mailed.

Plaintiffs seek an Order from this Court requiring Defendant to disclose the names, last known home addresses, email addresses (business and home), home and cellular telephone numbers, and last four digits of the social security numbers of the above-defined Potential Plaintiffs. Plaintiffs request that this information be provided within 15 days from the entry of the Court's Order and in usable electronic form to reduce any delays in sending out the Notices.[5]

Further, Plaintiffs request that this Court allow the proposed Notice and Consent Forms to be mailed and emailed to the class members. *Beall v. Tyler Technologies, Inc.*, 2009 WL 3064689, at *1 (E.D. Tex. 2009) (Ward, J.) (court granted class notice via email and later compelled the employer to produce all email addresses, both personal and work); *see also Davis v. Westgate Planet Hollywood Las Vegas, LLC.*, 2009 WL 102735, at * 15 (D. Nev. Jan. 12, 2009) (granting class notice via U.S. mail and email).

Also, Plaintiffs request that this Court order that the respective Notice and Consent forms be posted at Defendant's branch offices in an area readily and routinely available for review by Account Managers. Posting of the notice at each of Defendant's locations would be appropriate. *See Whitehorn v Wolfgang's Steakhouse, Inc.*, 2011 WL 420528, at *2 (S.D.N.Y. Feb. 8, 2011) ("Courts routinely approve requests to post notice on employee bulletin boards and in other common areas, even where potential members will also be notified by mail.") (*citing Malloy v. Richard Fleischman & Assocs. Inc.*, 2009 WL 1585979, at *4 (S.D.N.Y. June 3, 2009) (requiring defendant to "post the notice in each workplace where potential collective action members are employed" within ten business days of date of decision); *Garcia v. Pancho Villa's of Huntington Vill., Inc.*, 678 F. Supp. 2d 89, 96 (E.D.N.Y. 2010) ("[W]hile defendants object to the posting of

---

[5] Plaintiffs requested this information in pre-Notice discovery, but Cogent refused to provide it, claiming that the request was premature.

the Notice at their business locations--and request an order prohibiting it--such a practice has been routinely approved in other cases.").

Plaintiffs further seek the specific relief identified in the Proposed Order submitted with this Motion.

## V. CONCLUSION

Plaintiffs have presented detailed allegations, as well as deposition testimony and sworn statements concerning their work with Cogent. Plaintiffs have identified an improper scheme that fails to pay overtime compensation to Cogent's Account Managers. Because Plaintiffs have met their burden to show that similarly-situated individuals exist who have not been notified about the present suit, the Court should enforce the collective action provisions of the FLSA. The Court should grant Plaintiffs' Motion for the issuance of Notice and enter an Order with the terms set forth in Plaintiffs' proposed Order.

Respectfully submitted,

/s/ *Todd Slobin*
Todd Slobin
State Bar No. 24002953
Southern District No. 22701
Michelle Hoogendam Cash
State Bar No. 09947150
Southern District No. 15532
Sidd Rao
State Bar No. 24065947
Southern District No. 1095562
SHELLIST, LAZARZ, SLOBIN, LLP
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
of Counsel:                                     Telephone: (713) 621-2277
SHELLIST, LAZARZ, SLOBIN, LLP                   Telecopier: (713) 621-0993

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF CONFERENCE

Plaintiffs' counsel conferred with counsel for Defendant in an effort to resolve the issue presented in this Motion.  Defendant's counsel advised that Defendant is opposed to the relief sought in this Motion.

/s/ *Todd Slobin*
Todd Slobin

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2012, a copy of the foregoing document was electronically filed.  Notice of this filing will be sent to the following counsel of record for all parties by operation of the Court's Electronic Filing System.

Matthew T. Deffebach
Meghaan C. McElroy
HAYNES AND BOONE, LLP
One Houston Center
1221 McKinney Street, Suite 2100
Houston, Texas 77010
Telephone: (713) 547-2064
Telecopier: (713) 236-5631
matthew.deffebach@haynesboone.com
meghaan.mcelroy@haynesboone.com

/s/ *Todd Slobin*
Todd Slobin