**haynes**boone

July 23, 2013

MATTHEW T. DEFFEBACH

*Via ECF*
The Honorable Judge Vanessa Gilmore
United States District Court for the Southern District of Texas
515 Rusk Street, Room 9513
Houston, Texas 77002-2601

> Re:    *Ramon Lagos, et. al., Individually and on Behalf of Others Similarly Situated v.*
> *Cogent Communications, Inc.*; Civil Action No. 4:11-cv-04523; In the U.S.
> District Court for the Southern District of Texas, Houston Division.

Dear Judge Gilmore:

In accordance with your Procedures, I have reached an impasse in a discovery dispute that requires this Court's intervention. I represent Defendant Cogent Communications, Inc. ("Cogent") in this FLSA collective action. As we have an expert report to tender to the Court regarding this dispute and feel that some accompanying briefing would aid this Court in resolving the dispute, we seek permission to file a motion and brief of no more than 15 pages and allow sufficient time for Plaintiffs to respond.

The nature of the dispute is whether Cogent may depose the 65 opt-in plaintiffs it currently seeks to depose.[1]  Cogent has retained an expert who has reviewed data revealing the activities of the opt-in plaintiffs and who has concluded that sampling is not appropriate in this case and the only reliable way to obtain information regarding liability and damages is through individual discovery. These depositions would occur in eight cities outside of Texas and two cities within Texas, including Houston. Cogent has proposed a plan that would entail deposing 24 of the opt-in plaintiffs in 7 of the 10 cities and then mediating the case. Should mediation fail, Cogent would take the remaining 31 depositions in the remaining three cities. Plaintiffs will not agree to any proposal where Cogent would depose all 65 opt-in plaintiffs. Instead, Plaintiffs propose taking 12 to 14 depositions and then mediating the case.

Sincerely,

Matthew T. Deffebach  by permission Meghaan McElroy

Matthew T. Deffebach

---

[1] The 65 are individuals whose claims fall within the two year statute of limitations. It includes three individuals who signed mandatory arbitration agreements and four individuals who opted in beyond this Court's deadline. Cogent was willing to forego seeking to exclude these seven individuals if Cogent is allowed to take their depositions. Further, an additional 33 individuals fall within the two to three year statute of limitations, which requires proof that Cogent acted willfully. Cogent is not currently seeking to depose these individuals as it plans to file a motion for summary judgment on this issue and Plaintiffs have yet to conduct discovery on it. Cogent would prefer to obtain this Court's ruling on this willfulness summary judgment before deciding how to proceed with those individuals. Finally, an additional 45 individuals fall beyond the three year statute of limitations. Cogent will be filing a partial summary judgment motion in the near future seeking to dismiss these individuals.

haynes*boone*

cc:     Todd Slobin  [*Via ECF*]