IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAMON LAGOS, et al. | § § | |
| versus | § § | CIVIL ACTION NO. H-11-4523 |
| COGENT COMMUNICATIONS, INC. | § § § | |

## ORDER

Pending before the Court is Plaintiffs' Motion for Leave to File Plaintiffs' Second Amended Complaint. **(Instrument No. 100)**.

### I.

### A.

On December 21, 2011, Plaintiffs Ramon Lagos ("Lagos"), Michelle Sparrow ("Sparrow"), and Carla Obasuyi ("Obasuyi") (collectively, "Named Plaintiffs"), individually and on behalf of all others similarly situated, filed suit against Defendant Cogent Communications, Inc. ("Defendant" or "Cogent") to recover unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* (Instrument Nos. 1, 11).

Named Plaintiffs filed a Motion for Notice to Potential Plaintiffs and for Conditional Certification on July 9, 2012 (Instrument No. 19), and the Court held a hearing on the motion on November 2, 2012. On November 14, 2012, the Court conditionally certified the following class: "All current and former Global Account Managers and Regional Account Managers, employed by COGENT COMMUNICATIONS, Inc. between December 21, 2008 to the present, who worked over 40 hours in a work week." (Instrument No. 29 at 20). Following notice, 157 individuals (collectively, "Opt-In Plaintiffs") filed Notices of Consent to join the collective action. (Instrument Nos. 34-54, 55-60, 62, 64).

Following discovery, Defendant moved to decertify the collective action (Instrument No. 86), arguing that Named Plaintiffs and Opt-In Plaintiffs are not similarly situated for the purposes of this case proceeding collectively. This Court granted Defendant's motion to decertify the collective action on March 12, 2014. (Instrument No. 99).

Named Plaintiffs have now filed a Motion for Leave to file their Second Amended Complaint to include the claims of Aaron Lovelace, Mark Mullee, Gregory Pierre, Stesha Rhodes, and Demetrius Siller (collectively, "New Plaintiffs"), in addition to the claims of the three Named Plaintiffs. (Instrument No. 100 at 2). New Plaintiffs were originally members of the conditionally certified class which was decertified by this Court on March 12, 2014. (Instrument No. 99; Instrument No. 100 at 1-2). Plaintiffs argue that Rule 20(a)(1) of the Federal Rules of Civil Procedure permits joinder of the New Plaintiffs.[1] (Instrument No. 102 at 1). Specifically, Named Plaintiffs argue that the claims of the New Plaintiffs are the same as those of the Named Plaintiffs: Defendant failed to pay all of them one-and-one half times their regular rates in violation of the FLSA. (Instrument No. 102 at 3). Defendant responds that Named Plaintiffs and New Plaintiffs do not meet the commonality requirement for Rule 20. (Instrument No. 101 at 6). Specifically, Defendant argues that the individualized inquiries that must be conducted to determine whether all Plaintiffs were properly classified as exempt outweighs any common issues of law or fact present in this case. (Instrument No. 101 at 6).

---

[1] Initially, Plaintiffs requested leave to file their Second Amended Complaint under Rule 15 of the Federal Rules of Civil Procedure. (Instrument No. 100 at 1). Plaintiffs argued that Rule 15 requires that leave to amend be freely granted by the Court. (Instrument No. 100 at 2). Defendant's response argued that Rule 20(a)(1) provides the proper standard. (Instrument No. 101 at 4). In reply, Plaintiffs did not address Rule 15 and instead argued that leave should be granted under the Rule 20(a)(1) joinder standard. (Instrument No. 102 at 1). *See Allen v. Atl. Richfield Co.*, 724 F.2d 1131, 1135 (5th Cir. 1984) (noting that the Rule 20(a)(1) joinder standard applies to cases where similarly situated individuals jointly file suit). Therefore, the Court analyzes Plaintiff's request under Rule 20(a)(1).

**B.**

New Plaintiffs were all employed in Defendant's Houston office and worked as Regional Account Managers. (Instrument No. 86-10 at 3-4). New Plaintiffs spent varied amounts of time conducting outside sales activities. Specifically, Aaron Lovelace worked outside the office an average of three hours per week, Mark Mullee worked outside the office an average of two to four hours per week, Gregory Pierre worked outside the office an average of fifteen hours per week, Stesha Rhodes worked outside the office an average of four hours per week, and Demetrius Siller worked outside the office an average of three hours per week. (Instrument Nos. 86-34 at 9; 86-38 at 9; 86-40 at 9; 86-41 at 9; 86-46 at 9).

**II.**

Rule 20(a)(1) of the Federal Rules of Civil Procedure provides that "[p]ersons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). The burden rests with the plaintiffs to show proper joinder. *Stinnette v. Medtronic, Inc.*, No. H-09-03854, 2010 WL 767558, at *1 (S.D. Tex. March 3, 2010). Generally, as long as both prongs of the test are satisfied, "permissive joinder of plaintiffs is at the option of the plaintiffs." *Applewhite v. Reichhold Chemicals, Inc.*, 67 F.3d 571, 574 (5th Cir. 1995).

When determining whether a particular set of facts constitutes a single transaction or occurrence for the purposes of Rule 20(a), courts generally apply a case-by-case approach. *Lott v. Eastman Kodak Co.*, No. 3:97-CV-2560-P, 1999 WL 242688, at *3 (N.D. Tex. Apr. 16, 1999). The Fifth Circuit does not employ a single test to determine when claims arise from the same

"transaction or occurrence." *Applewhite*, 67 F.3d at 574. Instead, courts focus on the facts and equities of each case. *Matter of Kosadnar*, 157 F.3d 1011, 1015 (5th Cir. 1998).

If the court determines that the plaintiff has satisfied the Rule 20(a)(1) two-prong test, district courts maintain discretion to deny joinder in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness. *Acevedo v. Allsup's Convenience Stores Inc.*, 600 F.3d 516, 522 (5th Cir. 2010); *see also Applewhite*, 67 F.3d at 574 (noting that a court may sever an improperly joined action in its discretion to avoid delay or prejudice).

### III.

#### A.

The first prong of Rule 20(a)(1) requires the claims of joining plaintiffs to arise out of the same transaction, occurrence, or series thereof. Fed. R. Civ. P. 20(a)(1). The "series of transactions or occurrences" requirement can be satisfied where a claim is based on a pattern or practice of conduct. *Battison v. City of Electra*, No. 7:01-CV-037-R, 2001 WL 497769, at *2 (N.D. Tex. May 8, 2001).

In this case, Plaintiffs argue that Defendant misclassified them as exempt outside sales employees and failed to pay all of them one-and-one-half times their regular rate in violation of the FLSA. (Instrument No. 102 at 3). Defendant responds that because this Court has previously determined that Plaintiffs are not similarly situated for the purposes of collective action certification, they also do not meet the more stringent Rule 20(a)(1) joinder standard. (Instrument No. 101 at 5).

Plaintiffs are only required to "allege, not prove, a pattern of illegal conduct to merit the proper joinder of parties." *Afabor v. Racetrac Petroleum, Inc.*, 2006 WL 1343636, at *3 (N.D.

Tex. May 15, 2006) (citing *Disparte v. Corporate Executive Bd.*, 223 F.R.D. 7, 15-16 (D.D.C. 2004). In *Battison*, the court held that the plaintiffs had met the first prong of Rule 20(a)(1) when they alleged that the defendant city had engaged in a practice of violating the rights of its citizens. *Battison*, 2001 WL 497769, at *2. The court found that "[t]his allegation alone suffices to meet Rule 20(a)'s common transaction or occurrence requirement." *Id.* Here, all Plaintiffs allege the same violation of the FLSA, which is sufficient to demonstrate that they were all subject to the same alleged pattern of illegal conduct. Thus, the Court finds that by alleging that Defendant misclassified all Plaintiffs as exempt, Plaintiffs have satisfied the first prong of Rule 20(a)(1).

The second prong of the joinder rule requires that there be questions of law or facts common to all plaintiffs in the case. Fed. R. Civ. P. 20(a)(1). This Court has previously concluded that there are some common issues of law and fact present in this case. *See, e.g.*, (Instrument No. 99 at 23). Specifically, all Plaintiffs allege that Defendant violated the FLSA by misclassifying them as exempt outside sales employees and failing to pay them overtime. (Instrument No. 102 at 3). Named Plaintiffs also note that all Plaintiffs worked for Defendant's Houston office and that New Plaintiffs were all employed as Regional Account Managers. (Instrument No. 102 at 4). Thus, the Court holds that the second prong of Rule 20(a)(1) has been fulfilled.

### B.

Even where the joinder standard is satisfied, district courts have discretion to deny joinder when it would not facilitate judicial economy and when different witnesses and documentary proof would be required for plaintiff's claims. *Acevedo*, 600 F.3d at 522.

Named Plaintiffs first argue that joining the claims of New Plaintiffs is the most efficient and judicially economic means of proceeding. (Instrument No. 102 at 6). Plaintiffs assert that by allowing Plaintiffs to testify as to their experiences in Defendant's Houston office, the jury would be able to make a determination as to the exempt status of each individual. (Instrument No. 102 at 4). Defendant responds that allowing the claims of all eight Plaintiffs to proceed together may cause jury bias and confusion. (Instrument No. 101 at 7). Particularly, Defendant claims that "a jury may confuse and/or impute the testimony and other evidence from or regarding one plaintiff onto another, resulting in liability decisions not supported by the evidence." (Instrument No. 101 at 7).

The Court has already found that, based on Plaintiffs' discovery responses and the law surrounding the outside sales exemption, "a reasonable jury could find some Plaintiffs in this case to be exempt while others are not exempt." (Instrument No. 99 at 14). A jury would need to evaluate whether each Plaintiff spent a sufficient amount of time on outside sales, and whether their sales success was impacted by those outside sales. (Instrument No. 99 at 19). Although Named Plaintiffs now only seek to join an additional five employees to their suit, instead of the 157 individuals who originally opted into the lawsuit, these five New Plaintiffs have reported a variety of outside hours worked. Four of the five New Plaintiffs claim to have worked four or fewer hours per week outside the office. (Instrument Nos. 86-34 at 9; 86-38 at 9; 86-41 at 9; 86-46 at 9). Gregory Pierre, however, claims to have worked outside the office fifteen hours per week on average. (Instrument No. 86-40 at 9). Furthermore, all New Plaintiffs worked more hours than Named Plaintiffs did. Specifically, Named Plaintiffs all testified that they performed no outside sales work at all for the majority of their employment at Cogent. (Instrument No. 92-3 at 29; Instrument No. 92-5 at 10-12; Instrument No. 86-7 at 6-10). As the Court discussed in its

decertification order, these differences among New Plaintiffs and between New Plaintiffs and Named Plaintiffs are likely to be legally significant. (Instrument No. 99 at 13-15). Therefore, the same concern of jury bias and confusion identified by the Court in its previous order would still exist if New Plaintiffs were allowed to join the lawsuit. Because of the disparities in Plaintiffs' testimony regarding outside work, even if all eight Plaintiffs testified, a jury would be likely to make blanket determinations about the applicability of the outside sales exemption instead of determining whether each individual Plaintiff is exempt. *See* (Instrument No. 99 at 23-24). Both Plaintiffs and Defendant therefore face the potential for bias if the Court allowed New Plaintiffs to join the lawsuit.

Plaintiffs also argue that, if the New Plaintiffs are required to file a new lawsuit, judicial economy will suffer because they will have to repeat many steps of the process. (Instrument No. 100 at 3). Plaintiffs further argue that adding the New Plaintiffs to the lawsuit will not cause any undue justice because Defendant has already obtained significant discovery from the individuals. (Instrument No. 100 at 3). Defendant acknowledges that the parties will have to repeat some of the same litigation steps, but claims that the burden of repeating these steps is "minimal in comparison to the potential prejudice that the parties face should the claims of Plaintiffs and New Plaintiffs proceed together." (Instrument No. 101 at 8). Defendant further notes that "there is no reason that the parties cannot agree to use any discovery from this action for any of the New Plaintiffs' individual actions." (Instrument No. 101 at 8). The Court agrees with Plaintiffs that not allowing New Plaintiffs to join this action will require the repetition of certain steps. However, as Defendant notes, much of the discovery already conducted in this case can simply be used in any subsequent cases without requiring duplication by either party. Furthermore, the

Court finds that the potential for jury bias, confusion, and prejudice outweighs concerns of judicial economy.

Accordingly, Plaintiffs' Motion for Leave to File Plaintiffs' Second Amended Complaint is DENIED.

## V.

Based on the foregoing, IT IS HEREBY ORDERED THAT Plaintiffs' Motion for Leave to File Plaintiff's Second Amended Complaint is **DENIED. (Instrument No. 100)**.

The Clerk shall enter this Order and provide a copy to all parties.

SIGNED on this the 24th day of June, 2014, at Houston, Texas.

**VANESSA D. GILMORE**
**UNITED STATES DISTRICT JUDGE**